UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CHERLANNE MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-CV-279 JVB |
| | ) | |
| ALLEN COUNTY DIVISION | ) | |
| OF FAMILY AND CHILDREN, | ) | |
| A Department of the State of Indiana, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Allen County Division of Family and Children's Motion for Summary Judgment [DE 15]. On January 15, 2010, Defendant filed its Motion for Summary Judgment. Plaintiff filed her Response on February 16, 2010, and Defendant filed its Reply on March 2, 2010. Both parties are represented by counsel.

**A.     Standard of Review**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of

the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628.. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

**B.**  **Background and Facts**

As previously stated, on February 16, 2010, Plaintiff filed her response to the Motion for Summary Judgment. The response was two pages, did not contain any case citations, did not include a "statement of material facts" section, and failed to present any specific evidence which would support her discrimination claim.

Because Plaintiff's brief response to the Motion for Summary Judgment did not include a

2

"statement of material facts" section, as required by Local Rule 56.1, the Court accepts all facts designated by Defendant in its brief:

Plaintiff is an African-American woman who was employed by Defendant from 1998 to 2007 as a public assistance caseworker. Plaintiff was responsible for working with recipients of public assistance in determining eligibility for those benefits. In 2007, however, Indiana privatized its public assistance programs, and a private corporation took over the administration of the public assistance programs for which Plaintiff worked. While some employees were offered continued employment with Defendant, others, including Plaintiff, assumed new positions with the private company taking over the public assistance programs. Plaintiff continues to be employed with the private company, and she has not had any problems or complaints since the privatization occurred.

In April 2002, Plaintiff filed a "Charge of Discrimination," alleging racial discrimination, with the Fort Wayne Metropolitan Human Relations Commission. According to Defendant, "[i]t appears that charge was dismissed a short time later." (DE 16 at 2).

C.  **Plaintiff's Contentions**

In her brief and undetailed Response, Plaintiff asserts that she "received harsh discipline for instances of conduct that had been identically completed by her peers, which had gone undisciplined." (DE 19 at 1). She also contends that she was paid lower wages than her peers, was disciplined after filing discrimination charges against Defendant, and Defendant told her that "she was perceived to be disabled." *Id.* Additionally, the Court agrees with Defendant's summary of Plaintiff's grievances:

> [Plaintiff] complains about the conditions when she was working for [Defendant] and claims that she was not eligible for a job opportunity to continue with [Defendant] because of adverse disciplinary matters in her personnel file. She says these disciplinary matters were unjustified and were done because she is an African-American. It is this inability to continue in state employment about which [Plaintiff] complains. In addition to her claim of race discrimination, [Plaintiff] claims that she has been discriminated against because of a perceived disability.

(DE 16 at 2).

**D.      Analysis**

In Title VII cases, the plaintiff carries the initial burden of establishing a *prima facie* case of discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The plaintiff makes this showing by establishing: "(1) she was a member of a protected class; (2) she was meeting her employer's legitimate business expectations; (3) she suffered an adverse employment action; and (4) the employer treated a similarly situated employee outside of the class more favorably." *Hancock v. Potter*, 531 F.3d 474, 478 (7th Cir. 2008) (citations omitted). The Court of Appeals for the Seventh Circuit defines an adverse employment action as "one that significantly alters the terms and conditions of the employee's job." *Id.*

If the plaintiff is able to successfully establish a *prima facie* case of racial discrimination, the burden shifts to the employer to "produce 'evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action.'" *Hancock*, 531 F.3d at 478 (quoting *Hicks*, 509 U.S. at 509). Once the employer successfully produces a legitimate, non-discriminatory reason for the adverse action, "the burden shifts back to the employee to prove that these reasons were merely a pretext for discrimination." *Id.* (citing

4

*E.E.O.C. v. Our Lady of the Resurrection Medical Ctr.*, 77 F.3d 145 (7th Cir. 1996)).

By failing to present any specific evidence in her Response to Defendant's Motion for Summary Judgment, Plaintiff has not met her initial burden of establishing a *prima facie* case of racial discrimination. Additionally, Plaintiff has failed to present any evidence that she suffered an adverse employment action. Federal Rule of Civil Procedure 56(e)(2) states that a party that fails to respond with specific facts showing a genuine issue for trial risks summary judgment being entered against her:

> **Opposing Party's Obligation to Respond.** When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Because Plaintiff has failed to meet her initial burden as dictated in *Hicks* and because Plaintiff failed to comply with Federal Rule of Civil Procedure 56(e)(2), entering summary judgment in favor of Defendant is appropriate.

**D.    Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment [DE 15] is GRANTED.

SO ORDERED on June 1, 2010.

                                            s/ Joseph S. Van Bokkelen
                                            JOSEPH S. VAN BOKKELEN
                                            UNITED STATES DISTRICT JUDGE